On Rehearing.
Larauve, J.
This action was instituted against the defendant to compel him to render to his daughter an account of tutorship, or to pay her the sum of $3,000, being the amount inherited by her from her mother. A judgment by default having been rendered against defendant, his counsel moved to set it aside, and that he have leave to file his peremptory exception of the following tenor:
“ John W. Stilley, defendant in the above-entitled cause, now appears and asks to be hence dismissed with costs, because the plaintiff has stated and shown no cause of action, inasmuch as defendant is not and never was the tutor of Sarah Ann Stilley, in which capacity he is sued, and has been required to account and,answer. Excepting thus, he asks for judgment accordingly.”
. The plaintiff subsequently took a rule upon the defendant, to show cause why the peremptory exception filed after default should not be taken as an answer to the merits. On a hearing, the Court ordered the same to stand as an'answer, with leave to defendant to file an amended answer, which was filed next day. This answer was excepted to, and the exception sustained in part.
The case proceeded to a trial, and a judgment was rendered against plaintiff, and she has appealed.
The plaintiff adduced no proof in support of her demand, and her Counsel contended before this Court that plaintiff was not bound to prove the allegations set forth in her petition, and which were not denied by the answer, and that the capacity of the defendant as tutor, and which was specially denied, was presumed, and required no proof.
The defendant is sued as natural tutor, to account for his administration, or to pay plaintiff $3,000. This capacity being specially put at issue, the plaintiff was bound to prove it to maintain her action under her allegations; for if the defendant be not the tutor, it would take different allegations on the part of plaintiff to sustain her action against him. A natural tutor, though the law does not require him to be confirmed or appointed by the Judge, must, like all other tutors, take an oath before he can act as such. C. P., Art. 949. C. C., Art. 328. 11 R. 503. 12 R. 636. ' 3 A 562. There is no allegation in the petition, nor proof in the record, that the defendant ever acted as tutor of plaintiff.
This case was tried by a jury, who found a verdict for defendant, and the Court affirmed it by giving judgment accordingly.
*65 We are of opinion that the plaintiff failed to make out her case; but, as it seems plaintiff’s counsel mistook the law, we believe that we should render a judgment of nonsuit only.
It is therefore ordered and decreed, that our former judgment be reversed, and that the verdict of the jury and the judgment thereupon be set aside and annulled; and it is further decreed, that there be a judgment of nonsuit against plaintiff, and that she pay the costs in both courts.